**STATE of Minnesota, Respondent,**

v.

**Michael W. KOSLOSKI, Appellant.**

**No. CX–83–702.**

Supreme Court of Minnesota.

Oct. 12, 1984.

C. Paul Jones, Public Defender, Ruth E. Kronlokken, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

PETERSON, Justice.

■ Defendant was found guilty by a district court jury of criminal sexual conduct in the third degree and was sentenced by the trial court to 24 months in prison. Defendant's first contention on appeal, that his conviction should be reversed outright because the evidence of his guilt was legally insufficient, is without merit. Complainant's testimony was positive and not significantly impeached and was corroborated in a number of ways.

■ Defendant's alternative contention, that he did not receive a fair trial and that therefore he should be given a new trial, is based on two incidents that occurred during the trial. (a) In one, a spectator approached a juror during a recess and asked her if she was afraid to be walking in the hallway when defendant was walking in the hallway. The court questioned the spectator and learned that the juror had appropriately answered the question by stating that she could not talk to anyone about the case. The court instructed the jury to ignore any comments by spectators and granted defendant's request that the juror in question be designated as the alternate juror and dismissed at the conclusion of the final instructions. There is no basis for believing that the incident, although unfortunate, was prejudicial.

(b) In the other incident, the prosecutor's team leader, James Gaffney, who was sitting as a spectator in the courtroom, told defense counsel at the start of a recess that he was going to get a court order if defense counsel did not do something about defendant's family, who he said he saw laughing and smiling during complainant's testimony. Defense counsel claimed that the jurors may have overheard this statement. Mr. Gaffney disputed this. The court's law clerk corroborated Mr. Gaffney's observations, saying that he had seen one of the family members smiling inappropriately during complainant's testimony. The court offered to question the jurors, but defense counsel rejected the offer. Defense counsel did not move for a mistrial when given an opportunity to do so, but the next day, after talking with defendant, made such a request. The trial court denied the request. The record on appeal fails to support defendant's contention that the incident deprived defendant of a fair trial.

Affirmed.